IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES E. WRIGHT, et al.,               :

    Plaintiffs,                    :
                                                         Case No. 1:04cv463

    vs.                            :
                                                       JUDGE WALTER HERBERT RICE

CITY OF CINCINNATI, et al.,            :

    Defendants.                    :

---

DECISION AND ENTRY OVERRULING, WITHOUT PREJUDICE TO RENEWAL, PLAINTIFFS' MOTION TO CERTIFY (DOC. #9); DECISION AND ENTRY OVERRULING, WITHOUT PREJUDICE TO RENEWAL, PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (DOC. #10); DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' EXHIBITS (DOC. #27); FURTHER PROCEDURES ESTABLISHED

---

    This is the latest chapter of an ongoing dispute between the parties concerning the fair share fees Plaintiffs, firefighters employed by Defendant City of Cincinnati, are required to pay to Defendant Cincinnati Firefighters Union Local 48, International Association of Fire Fighters, AFL-CIO ("Local 48").[1]

    In their Complaint (Doc. #1), Plaintiffs allege that Local 48 is the exclusive collective bargaining agent for firefighters employed by Cincinnati, and that they

---

[1]In their Complaint (Doc. #1), the Plaintiffs have named Cincinnati, Local 48 and officials of Cincinnati, such as its Mayor and City Manager, as Defendants.

have declined to become members of and to pay dues to Local 48. The Collective Bargaining Agreement, which was in effect between Local 48 and Cincinnati from June 8, 2003, through June 4, 2005 ("2003-2005 CBA"),[2] contains a provision, under which every firefighter employed by Cincinnati, who has elected not to become a member of Local 48, is required to pay a fair share fee to Local 48. Cincinnati withholds such fees from firefighters who are not members Local 48 and pays the withheld amount to the union. Plaintiffs allege that, in accordance with the 2003-2005 CBA, such fees have been withheld from them. Indeed, according to Plaintiffs, fair share fees have been withheld from them since March, 2002. The Plaintiffs set forth as their only claim for relief, a claim under 42 U.S.C. § 1983, alleging that the Defendants have violated their rights under the First, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs seek to recover actual and punitive damages, as well as requesting injunctive relief.

    This case is now before the Court on the Plaintiffs' Motions to Certify (Doc. #9) and for Preliminary Injunction (Doc. #10). On February 4, 2005, oral argument was conducted on these motions. For reasons which follow, the Court overrules those motions, without prejudice to renewal.[3]

---

[2] A copy of the 2003-2005 CBA is attached to Plaintiffs' Complaint (Doc. #1).

[3] Plaintiffs' Motion to Strike Defendants' Exhibits (Doc. #27) is also pending. With that motion, the Plaintiffs request that the Court strike the six exhibits that Local 48 attached to its Memorandum in Opposition to the Plaintiffs' Motion to Certify (Doc. #21), and the three that it attached to its Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction (Doc. #22). Plaintiffs argue that the Court should strike those nine exhibits, because Local 48 did not disclose them during discovery and they have not been authenticated. In response, Local 48 has presented the affidavit of Joe Diebold ("Diebold"), President of Local 48. With that affidavit, Diebold authenticates the exhibits, thus curing Plaintiffs' objection for failure to authenticate. He also explains that Plaintiffs or their counsel had copies

With their Motion for Preliminary Injunction (Doc. #10), Plaintiffs request that the Court enjoin the Defendants from enforcing the fair share fee provision in the 2003-2005 CBA.  See Doc. #10 at 1.  However, that provision is no longer in effect.  Earlier this month, Cincinnati and Local 48 entered into a replacement Collective Bargaining Agreement, which will be in effect until June, 2007 ("2005-2007 CBA").  See Cincinnati Enquirer, Sept. 9, 2005, at 1B; Cincinnati Enquirer, Sept. 8, 2005, at 1C.  The parties have not, however, informed the Court as to whether the 2005-2007 CBA contains a fair share fee provision similar to that which is set forth in the predecessor agreement.  Moreover, Plaintiffs' request for preliminary injunctive relief is based in large measure on the assertion that the Defendants have withheld fair share fees from them (Plaintiffs), without having provided the requisite procedural safeguards.  See Chicago Teachers Union v. Hudson, 475 U.S. 292 (1986) (discussing the procedural requirements agency shop agreements must contain).  There is no indication that, if the 2005-2007 CBA contains a fair share fee provision, it contains the same procedural shortcomings that are alleged to be in the 2003-2005 CBA.  Consequently, the Court is unable to ascertain whether Plaintiffs continue to need the requested injunctive relief.  Therefore, the Court overrules Plaintiffs' Motion for Preliminary Injunction (Doc. #10).  Plaintiffs may renew that motion, in the event that the 2005-2007 CBA contains a fair share fee provision, with the same alleged procedural shortcomings.

---

of the exhibits before this litigation was initiated.  Since it is readily apparent that Plaintiffs or their counsel possess copies of the exhibits, which include a dismissal entry signed by Plaintiffs' counsel, the Court rejects their alternative objection to the exhibits and overrules Plaintiffs' Motion to Strike Defendants' Exhibits (Doc. #27).

In order to certify a lawsuit as a class action under Rule 23 of the Federal Rules of Civil Procedure, the party seeking certification must first satisfy the four requirements of Rule 23(a), i.e., numerosity, commonality, typicality, and adequacy of representation. See e.g., Golden v. City of Cincinnati, 404 F.3d 950, 965 (6th Cir. 2005). In addition, "each class meeting those prerequisites [of Rule 23(a)] must also pass at least one of the tests set forth in Rule 23(b)." Sprague v. Gen. Motors Corp., 133 F.3d 388, 397 (6th Cir. 1998) (en banc). Herein, the Plaintiffs contend that this litigation can be maintained as a class action in accordance with Rule 23(b)(1)(A) and 23(b)(2). Under Rule 23(b)(1)(A), a lawsuit may be maintained as a class action, if "inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class." Rule 23(b)(1)(A) does not permit an action seeking monetary damages on behalf of numerous plaintiffs to be maintained as a class action, merely because separate trials of the actions could result in inconsistent results. In re Benedectin Products Liability Litigation, 749 F.2d 300, 305 (6th Cir. 1984). Rule 23(b)(2) permits a class action to be maintained, if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." If the Plaintiffs' request for injunctive relief has been rendered unnecessary by the replacement of the 2003-2005 CBA with the 2005-2007 such, or the elimination of the alleged shortcomings concerning the procedural safeguards required by Hudson, Plaintiffs will be seeking compensatory and punitive damages based upon past conduct. Certification under either Rule 23(b)(1)(A) or 23(b)(2) would not be

appropriate under those circumstances. If the nature of the 2005-2007 CBA means that Plaintiffs continue to believe that injunctive relief is necessary, they may renew their request for certification.[4]

The Court directs the parties to file a jointly prepared status report, within 20 days from date, addressing the 2005-2007 CBA. Therein, the parties should also address the related question of whether the filing of an amended complaint will be necessary, if Plaintiffs choose to seek injunctive relief concerning the 2005-2007 CBA. After the Court has received that report, it will scheduled a telephone conference call, during which necessary procedures for the resolution of this litigation will be discussed and a trial date and other dates leading to its resolution will be set.

September 22, 2005

                                               /s/ Walter Herbert Rice
                                               WALTER HERBERT RICE, JUDGE
                                               UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.

---

[4] They also remain free to move to certify under Rule 23(b)(3).